# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROBERT THOMAS IRVIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:13-cv-0994 |
| THE CITY OF CLARKSVILLE POLICE DEPT., | ) Judge Campbell |
| OFFICER S. WALDEN, and | ) |
| LT. B. ADAMS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Because plaintiff Robert Thomas Irvin proceeds *in forma pauperis*, his *pro se* complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

**I.    Factual Allegations**

In the original complaint, the plaintiff alleges that one of his next-door neighbors, Montrel Patterson, broke into his house on August 16, 2013 and stole his computer, among other items. The plaintiff states that he knew that Mr. Patterson was the perpetrator of the burglary, because Mr. Patterson had stolen or attempted to steal a computer from him a year previously. In addition, Mr. Patterson's uncle returned to the plaintiff the cord that connected the computer to the printer, but asked the plaintiff not to tell Mr. Patterson that his uncle had returned the cord.

The plaintiff reported the theft of his computer to the Clarksville Police Department, specifically Officer S. Walden. The plaintiff insists that Officer Walden had probable cause to arrest Mr. Patterson, but Officer Walden refused, stating that he could not violate Mr. Patterson's civil rights. When the plaintiff reported that a window curtain and rod had fallen, showing that the burglar broke in through the window and then unlocked the door, Officer Walden "seemed uninterested" and did not list this information on the incident report.[1] (ECF

---

[1] The plaintiff attached a copy of the incident report to his complaint, which lists the plaintiff as the victim of a burglary and Montrel Patterson as the suspected burglar. The narrative portion of the report states:

On 08/16/2013 at 15:21 hours, Officer S. Walden (2179) responded to a Burglary at 100 Short Stacker Dr. Victim Robert Irvin stated his computer was taken from his home. Mr. Irvin stated he left his home around 1130 hrs. on 08/16/13. He noticed suspect Montrel Patterson walking behind him as he left. Mr. Irvin stated when he returned home his door seemed to unlock easily. Mr. Irvin stated he found his Laptop computer missing from his desk. Mr. Irvin also found a window by the door

No. 1, at 2.) As of August 21, 2013, Mr. Patterson had still not been arrested or, to the plaintiff's knowledge, investigated, and the police never even obtained a warrant to search his house.

The plaintiff went to the Police Department headquarters and complained to Lt. Adams that his civil rights, specifically his right to equal protection, had been violated by Officer Walden's failure to investigate Mr. Patterson for the burglary. Lt. Adams demanded that the plaintiff leave the building. The plaintiff states: "[T]hat's classic pursuant to minorities such as herein Plaintiff." (ECF No. 1, at 3.)

In his motion to amend the complaint, which the Court construes liberally as both a motion and the amendment itself, the plaintiff states that the law provides that one who intrudes, physically or otherwise, upon the solitude of another person may be subject to liability for invasion of privacy, and that he himself suffered an invasion of his privacy. He asserts that the violation of his right to be "let alone" constitutes a violation of his Fourth Amendment right to be free of unwarranted search and seizure, and his First Amendment right to free assembly, and his Fourteenth Amendment right to due process. Finally, he claims that the fact that a trespasser entered his home without any right to do so gave Officer Walden probable cause to act.

**II.      Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A district court is not required to conjure up questions never squarely presented to it or to construct full blown claims from sentence fragments. *Id.*

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility."

---

unlocked. No damage was done to the residence. It is possible that the suspect reached through the window and unlocked the door. Mr. Irvin stated he caught suspect Montrel Patterson stealing stuff from his house in the past including a computer. No usable prints were lifted. Mr. Patterson was seen leaving the area with a backpack around 1400 hrs. The backpack was said to be large enough to fit a laptop in it. Mr. Patterson is Mr. Irvin=s neighbor 101 1/2 [Short Stacker]. Unable to make contact with Mr. Patterson or anyone at 101 1/2. The laptop was placed into NCIC with NIC # 1A981413887. See case notes.

(ECF No. 1-1, at 3.)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). Assuming all the allegations in the complaint are true, the factual allegations must be sufficient to raise the right to relief above the speculative level. *Id.* at 555. A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 6778 (2009). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Discussion

#### A. Claims Against Clarksville Police Department

As an initial matter, the Clarksville Police Department is not *sui juris*—that is, the police department is not an entity subject to liability. Rather, it is a sub-unit of the city government and is merely a vehicle through which the city fulfills its policing functions. *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). *See Matthews v. Jones*, 35 F. 3d 1046, 1049 (6th Cir. 1994) (noting, without discussion, that a "Police Department is not an entity which may be sued"); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (noting that, although the Sixth Circuit has not specifically addressed whether a Tennessee sheriff's department can be sued under § 1983, federal district courts in Tennessee routinely hold that sheriff's departments are not subject to liability under this civil rights statute, citing cases).

Even if the Court construes the claims against the Clarksville Police Department as asserted against the city of Clarksville, such claims are subject to dismissal for failure to state a claim. A local government can only be held responsible for injuries caused by the acts of its employees under 42 U.S.C. § 1983 if the employees are carrying out government policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). The plaintiff alleges that two Clarksville police officers failed to act to arrest the burglar who stole his computer and other items, and that the police officers violated his equal-protection rights in the process. These claims are based solely on the actions and decisions of the individual police officers. There are no allegations in the complaint that reasonably suggest the individuals' acts were the result of a policy or custom of the municipality or even of the police department as a whole. Accordingly, the plaintiff's claims

against the Clarksville Police Department will be dismissed.

### B. Claims Against Individual Police Officers

The Fourteenth Amendment to the United States Constitution provides that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws," and is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To analyze the plaintiff's equal-protection claim, the Court "must decide, first, whether [the challenged state conduct] operates to the disadvantage of some suspect class or impinges a fundamental right explicitly or implicitly protected by the Constitution, thereby requiring strict scrutiny. . . . If not, the [challenged state] scheme must still be examined to determine whether it rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious discrimination in violation of the Equal Protection Clause. . . ." *San Antonio Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973). Courts have found that, "suspect classes are defined as groups who historically have been subjected to discrimination; whose obvious, immutable, or distinguishing characteristics mark them as a discrete community; or who are politically powerless due to their minority status." *See, e.g.*, Leocata v. Wilson-Coker, 343 F. Supp. 2d 144, 150 (D. Conn. 2004).

The elements of the plaintiff's equal-protection claim are not clear. On the one hand, the plaintiff appears to be alleging that his right to the protection of the law has been treated with less respect than the rights of the person he suspects of stealing his computer. On the other hand, he appears to be alleging as well that the police officers have not taken his claims seriously because he is an elderly black man. Construing the complaint very liberally, the Court finds that the complaint might plausibly state an equal-protection claim against Officer S. Walden on the basis that the officer intentionally discriminated against him, as an elderly black man, by failing to take steps to pursue the plaintiff's complaint about the theft of his computer, thereby violating the plaintiff's right to equal protection of the laws. Even if the alleged discrimination is not based upon the plaintiff's membership in a suspect class, the allegations may be plausibly construed to allege a form of discrimination that is not rationally related to a legitimate state interest. While expressing no opinion as to the ultimate merits of this claim, the Court will, for now, allow this claim to proceed past the initial review.

Although the plaintiff also appears to be claiming that Lt. B. Adams acted discriminatorily against him, the factual allegations in the complaint are too vague and conclusory to support a claim against Lt. Adams.

The plaintiff only alleges that Lt. Adams demanded that he leave the police station after the plaintiff arrived there charging Officer Walden with violating his rights. The plaintiff also objects to Lt. Adams' statement that the "sunshine law" did not apply to the plaintiff's request for a copy of his report because it was unfinished. The plaintiff nonetheless apparently obtained a copy of the report in his case, as it is attached to his complaint. The plaintiff does not articulate any action against him taken by Lt. Adams that can be liberally construed as having violated the plaintiff's equal-protection rights. The claim against Lt. Adams will therefore be dismissed for failure to state a claim for which relief may be granted.

**IV.    Conclusion**

For the reasons set forth herein, the claims against Officer Walden will be permitted to proceed, while the claims against the other defendants will be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief may be granted. An appropriate order is filed herewith.

Todd Campbell
United States District Judge