## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT THOMAS IRVIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-cv-0994** |
| | ) | |
| **THE CITY OF CLARKSVILLE POLICE DEPT.,** | ) | **Judge Campbell** |
| **OFFICER S. WALDEN, and** | ) | |
| **LT. B. ADAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Robert Thomas Irvin has filed a *pro se* complaint in this Court, along with an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). Because it appears from his submission that the plaintiff lacks sufficient financial resources to pay the full filing fee in advance, the application is **GRANTED**.

Also before the Court is the plaintiff's motion to amend his complaint to add a few statements "inadvertently omitted" from the original complaint. The motion (ECF No. 3) is **GRANTED** pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.

Because the plaintiff proceeds *in forma pauperis*, his complaint, as amended, is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth in the accompanying Memorandum Opinion, the Court finds that the complaint fails to state a claim for which relief may be granted against the defendants City of Clarksville Police Department and Lt. B. Adams. The claims against those defendants are therefore **DISMISSED**. To the extent the plaintiff intended to bring claims against any other defendants, including the Mayor of Clarksville,[1] the claims against such defendants are **DISMISSED** for failure to state a claim.

The Court finds, however, that the complaint states a colorable claim against defendant Officer S. Walden based on allegations that this defendant violated the plaintiff's rights under the Equal Protection

---

[1] The plaintiff included "Mayor K. McMillan" as a defendant in the case caption of his amended complaint, but did not mention the Mayor anywhere in the body of the complaint or the amended complaint.

Clause. The Clerk is **INSTRUCTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for this defendant. The plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 days** of the date of receipt of this order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**. The plaintiff is forewarned that the failure to return the completed service packet within the time specified could jeopardize his prosecution of this action, but the plaintiff may request additional time for complying with this order if necessary. He is also forewarned that his prosecution of this action will be jeopardized if he fails to keep the Clerk's Office informed of his current address at all times.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

It is so **ORDERED**.

Todd Campbell
United States District Judge