```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

ROBERT THOMAS IRVIN,            )
                                )
         Plaintiff              )
                                )       No. 3:13-0994
v.                              )       Judge Campbell/Brown
                                )
THE CITY OF CLARKSVILLE POLICE  )
DEPARTMENT, *et al.*,           )
                                )
         Defendants             )

**TO:   THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Presently pending in this case are cross-motions for summary judgment by the Defendant Walden (Docket Entry 16) and by the Plaintiff (Docket Entry 23).

For the reasons stated below, the Magistrate Judge recommends that the Defendant's motion for summary judgment (Docket Entry 16) be GRANTED, and that the Plaintiff's motion for summary judgment (Docket Entry 23) be DENIED and this case dismissed with prejudice.[1]

### BACKGROUND

The facts in this case are relatively undisputed and are primarily taken from the statement of fact filed by the Defendant (Docket Entry 18), and the response of the Plaintiff to that

---

[1] Due to a error on the part of the Magistrate Judge the first Report and Recommendation contained a heading from an earlier case the Plaintiff has against the Clarksville Water Department and others. Other than correcting the caption to reflect the Clarksville Police Department and others the substance of the Report and Recommendation remains the same.

statement of fact in his document entitled "Affidavit of Robert Thomas Irvin Pursuant to Pleas for Summary Judgment" (Docket Entry 24).[2] The Magistrate Judge also considered the Plaintiff's complaint (Docket Entry 1) which sets out in considerable detail his activities on August 16, 2013, and his suspicion that the thief was in all likelihood Montrel Patterson, who lived next door with his relatives at 100½ Stackard Drive. It appears undisputed that Plaintiff left his home around 11:30 a.m. on August 16, 2013, to go to the post office, leaving his computer (with a known serial number) on his desk in the office area of his dining room. He saw Patterson come out of the house where Patterson lived then turn around and go back toward that house. When Plaintiff returned to his home later that afternoon he noticed that the front door opened easily and that his computer was missing. He was immediately suspicious of Patterson because approximately a year earlier he had caught Patterson leaving his house with his computer. Although he had initial charged Patterson with theft he later dismissed the charges because he felt sorry for Patterson.

Plaintiff called the police department to report the burglary and the Defendant Walden, a patrol officer with the Clarksville Police Department, was dispatched to the Plaintiff's

---

[2] It would have been easier to follow had the Defendant left additional blank spaces after each of his statements of fact for the Plaintiff to respond, and if the Plaintiff had responded by writing whether he agreed or not in each of the blank spaces. Nevertheless, the Magistrate Judge was able to sort out the matter.

2

home. When the officer arrived he spoke with Plaintiff and Plaintiff told him he suspected Montrel Patterson of stealing the computer. It appeared that the window by the front door was unlocked. Officer Walden did not find any damage to the residence itself, and although he dusted for fingerprints, he was unable to find useable prints. After taking Plaintiff's statement, Officer Walden went to the neighbor's home where the suspect allegedly lived. He knocked on the door, but received no answer. He did interview individuals in the neighborhood and was told that the suspect was seen leaving the area with a backpack large enough to carry a computer at around 2:00 p.m. Officer Walden did not believe that he had probable cause to take out a warrant for Patterson's arrest or to obtain a search warrant for the residence at that time. He prepared an incident report and submitted it to his sergeant for his approval. The report was approved very quickly after it was submitted on August 16th, and the investigation was assigned to a detective in the Clarksville Police Department Investigating Unit. Officer Walden had no further official connections with the case as additional investigation was the responsibility of the assigned detective.

Officer Walden specifically stated that he never considered Plaintiff's race or age when investigating the matter. The Plaintiff in his response (Docket Entry 24, p. 6) specifically agreed that he did not claim that Officer Walden intentionally

discriminated against him as an elderly black man by failing to take steps to pursue the Plaintiff's complaint. He was complaining because he felt that the police did not follow up on the investigation by seeking a search warrant or arrest warrant of Patterson.

**STANDARD OF REVIEW**

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Adams v. Rockafellow,* 66 Fed.Appx. 584 (6th Cir. 2003) (citing Fed. R. Civ. P. 56©; *LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993).) "Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986); *LaPointe,* 8 F.3d at 378.) "The mere existence of a scintilla of evidence to support Plaintiff's position would be insufficient; there must be evidence upon which the jury can reasonably find for the Plaintiff." *Id.* (citing *Anderson,* 477 U.S. at 252, 106 S. Ct. 2505.)

**LEGAL DISCUSSION**

The Magistrate Judge can certainly sympathize with the Plaintiff for the theft of his computer. Undoubtedly, this has imposed a hardship on him. Likewise, the Magistrate Judge can sympathize with the Plaintiff's frustration over what he considers a failure by the police to promptly search the residence of the alleged perpetrator and to arrest him. Unfortunately, the Magistrate Judge is unable to find that this case constitutes a violation of 42 U.S.C. § 1983. The Plaintiff clearly states that he is not making allegations that the sole defendant in this case, Officer Walden, discriminated against him because of age or race. His claim is that he was denied equal protection because Officer Walden did not properly pursue this case to obtain an arrest or a search warrant of the alleged perpetrator.

As set forth in the uncontested facts in this case, the Magistrate Judge is unable to find that Officer Walden did anything improper in this matter and therefore did not deny the Plaintiff equal protection under the law.

Officer Walden responded to the Plaintiff's complaint of a burglary and as a patrol officer conducted an initial investigation and prepared a report for his superior the day the incident occurred. Once he completed his report his part of the investigation ceased. There is simply no proof in the record that

Officer Walden, the only defendant in the case, failed in any duties he had to the Plaintiff.

The Plaintiff has come forward with no evidence which shows that Officer Walden treated other reports of burglary any different than the Plaintiff's report. The Plaintiff's belief that the officer should have immediately searched the alleged perpetrator's residence and arrested him is simply insufficient.[3]

The fact that the police department entered the computer serial number into the NCIC data base is no evidence the police abandoned the case. Police routinely check pawn shops and other businesses to see if items reported stolen turn up. Listing an item in NCIC is simply good police work, and not an indication that they have closed the case.

---

[3] It is not clear from the record if the information the Plaintiff later received from the alleged perpetrator's uncle, that he had recovered the power cord for the Plaintiff's computer from his nephew and advised the Plaintiff that the computer was gone, was ever conveyed to the police department by the Plaintiff. It appears that the uncle did not want it known that he had returned the power cord. Had this information been conveyed to the investigating detective assigned to the case, a much stronger case for an arrest would have been presented. Based on the information available to the officer on the 16th his decision not to immediately seek a search or arrest warrant was not unreasonable. Even if he made such a request it is unknown if a judicial officer would have issued either warrant. If the uncle is willing to testify, the police department could add this information to their investigation which does not appear to be closed.

The leading case in this area appears to be *Sattler v. Johnson*, 857 F.2d 224 (4th Cir. 1988) where the court stated:

> "At Argument Sattler's counsel suggested that Sattler had an enforceable right as a member of the public at large and as a victim, to have the defendants criminally prosecuted. He further urged that such a right was protected by the Equal Protection Clause of the Fourteenth Amendment. There is, of course, no such constitutional right..." Id. At 227.

This case has been cited repeatedly for this proposition. *Gallant v. Delahanty*, 1994 U.S. App. LEXIS 35098 (1st Cir. 1994); *Thompson v. Dodge*, 2011 U.S. Dist. LEXIS 63706 (W.D. MI 2011); *Adams v. Hargrove*, 2010 U.S. Dist. LEXIS 64735 (W.D. KY 2010); *Tunne v. Paducah Police Department*, 2010 U.S. Ct. Dist. LEXIS 4565 (W.D. KY 2010); *Mason v. Stacy*, 2009 U.S. Dist. LEXIS 26139 (E.D. TN 2009); *Faller v. AG of KY* 2009 U.S. Dist. LEXIS 16409 (W.D. KY 2009); *White v. City of Toledo*, 217 F. Supp.2d 838 (N.D. OH 2002).

There is nothing in any of these cases that would put the Defendant police officer on notice that he had a duty to further investigate and prosecute.

As the Tennessee Court of Appeals pointed out in *Harvey v. Laduke*, 2006 Tenn. App. LEXIS 187, a private citizen can personally seek a warrant in a criminal case under Tennessee Rules of Criminal Procedure 4(a) without a police report if the appropriate state judicial officer finds probable cause. A

private citizen has a right to request to testify before the Grand Jury in order to seek an indictment. TCA 40-12-105. The decision to allow this procedure is up to the Foreperson of the Grand Jury. The decision of the Grand Jury to indict or the District Attorney to prosecute is not subject to review. Likewise, the plaintiff is free to file a civil suit against the alleged perpetrator, seeking damages for the tortuous act of stealing his computer provided it is filed within the applicable statute of limitations.

None of those issues, however, are before the Court and the Magistrate Judge makes no finding as to whether probably cause in this matter exists or not.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Defendant's motion for summary judgment be GRANTED, and the Plaintiff's motion for summary judgment be DENIED and this case dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

8

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 21st day of April, 2014.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge